UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA ATTORNEY GENERAL,<br><br>　　　　　Respondent. | No.  2:23-cv-0037 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

　　　　Petitioner, a pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　I.　　Petition

　　　　The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

////

Petitioner challenges his confinement on the grounds that the evidence submitted at the preliminary hearing was insufficient evidence to charge him and the prosecutor knowingly used perjured testimony during the preliminary hearing. ECF No. 1 at 3-12.

Pursuant to 28 U.S.C. § 2241, the courts have jurisdiction to consider a habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (citations omitted). Under § 2241(c)(3), a pretrial detainee may seek a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." However, under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted).

> We must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

In the instant case, the court finds that all four requirements for exercising Younger abstention are met. The state-initiated criminal proceeding against petitioner is still ongoing; the proceeding implicates important state interests; to the extent petitioner may have federal constitutional challenges, he is not barred from raising them in the state criminal proceeding; and this court's failure to abstain would directly interfere with the state proceeding. Furthermore, petitioner has not alleged any facts demonstrating that his prosecution is the product of bad faith or that other extraordinary circumstances warrant intervention. Accordingly, the court should

////

1    abstain from considering petitioner's claims and dismiss them.[1]

2    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.
2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that this is petitioner's second attempt to challenge the ongoing state prosecution at issue in this case.  See James v. People of the State of California, No. 2:21-cv-1005 TLN DMC (E.D. Cal.).  Petitioner's previous petition sought relief on numerous grounds, including those articulated in the instant petition, and was dismissed on the ground that abstention under Younger was required.

3